UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RYAN DEICHERT AND
REBECCA WOOD-DEICHERT,

    Plaintiffs,                    CASE NO.

    v.

NCO FINANCIAL SYSTEMS, INC,

    Defendant.
_____/

**PLAINTIFFS' VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW the Plaintiffs, RYAN DEICHERT AND REBECCA WOOD-DEICHERT ("Plaintiffs"), by and through their attorneys, KROHN & MOSS, LTD., and for Plaintiffs' Complaint against Defendant, NCO FINANCIAL SYSTEMS, INC. ("Defendant"), allege and affirmatively state as follows:

### INTRODUCTION

1. Count I of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiffs are natural persons who reside in Tampa, Hillsborough County, Florida and are obligated or allegedly obligated to pay a debt and are "consumers" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiffs are informed, believe, and thereon allege, that Defendant is a company with a business office located in Rancho Cordova, Sacramento County, California.

7. Plaintiffs are consumers as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiffs allegedly owe a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Plaintiffs are informed, believe, and thereon allege, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiffs.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. In December 2010, Defendant began placing collection calls to Plaintiffs seeking and demanding payment for an alleged debt.

12. Defendant called Plaintiffs from 614-827-7500 on Plaintiffs' home phone at 813-963-3404.

13. According to Defendant, the alleged debt is owed by someone named "Rebecca Wood." However, upon information and belief, Defendant is contacting the wrong "Rebecca Wood" with a different date of birth than that of Plaintiff Rebecca Wood-Deichert.

14. Plaintiffs repeatedly informed Defendant that it was calling for the wrong person but Defendant continued calling, demanding payment from Plaintiffs for the alleged debt.

15. On December 17, 2010, Plaintiffs sent Defendant written communication, via fax with confirmation of receipt, to cease and desists its collection calls.

16. Thereafter, on December 21, 2010, Defendant called Plaintiffs again, demanding payment for the alleged debt.

17. On January 14, 2011, Defendant settled this case with Plaintiffs through the undersigned attorneys and a release was executed.

18. Thereafter, in April 2011, Defendant resumed collection efforts against Plaintiffs. Defendant called Plaintiffs from 1-866-576-1447 on Plaintiffs' home phone at 813-963-3404.

19. In April 2011, Defendant has called Plaintiffs up to two times per day, disrupting Plaintiffs in their home and causing them renewed frustration and distress.

20. Plaintiffs also conduct business in their home and the calls from Defendant have disrupted and negatively impacted Plaintiffs' business efforts.

21. The undersigned personally contacted Defendant's attorneys to advise them of the resumed calls but the collection calls to Plaintiffs continued.

22. For example, on April 7, 2011, Defendant called Plaintiff at 2:49PM.

23. On Saturday, April 9, 2011, Defendant called Plaintiff at 8:38AM EST, waking

Plaintiff Ryan Deichert up from sleep. Defendant's employee, who identified himself as "Shiob from NCO", proceeded to repeatedly demanded to speak to Rebecca Wood.

24. Defendant also called on other occasions, including but not limited to, Sunday, April 10, 2011 at 9:48AM EST, twice April 11, 2011 at 11:30AM and 4:07PM EST and April 14, 2011 at 8:54AM EST.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

25. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(c)* of the FDCPA by contacting Plaintiffs after knowing that Plaintiffs are represented by counsel.

   b. Defendant violated *§1692c(c)* of the FDCPA by contacting Plaintiffs after receiving written notification that Plaintiffs wanted Defendant to cease communication.

   c. Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiffs by calling Plaintiffs repeatedly after being informed that Defendant was calling for the wrong person and after receiving written notification that Plaintiffs wanted Defendant to cease communication.

   d. Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiffs by calling Plaintiffs repeatedly in April 2011 after settling a previous case on January 14, 2011.

   e. Defendant violated *§1692d(5)* of the FDCPA when Defendant, through its agents, employees, and/or legal counsel, placed constant and continuous collection calls to Plaintiffs.

WHEREFORE, Plaintiff, RYAN DEICHERT AND REBECCA WOOD-DEICHERT, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

26. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,*

27. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

28. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: *Shireen Hormozdi*
Shireen Hormozdi
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 x 267
Fax: (866) 385-1408
shormozdi@consumerlawcenter.com
Attorney for Plaintiff
Florida Bar No. 0882461

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RYAN DEICHERT AND REBECCA WOOD-DEICHERT hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA

Plaintiffs, RYAN DEICHERT AND REBECCA WOOD-DEICHERT, each state as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, RYAN DEICHERT AND REBECCA WOOD-DEICHERT hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 5/12/2011

RYAN DEICHERT

REBECCA WOOD-DEICHERT